IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DONALD DUNN and
KAY DUNN, Husband and Wife, et al.                                            PLAINTIFFS

V.                                    CASE NO. 3:10-CV-03119

JASON B. AAMODT and
MARIA AAMODT, Husband and Wife                                               DEFENDANTS

## O R D E R

Currently before the Court are a Motion for Summary Judgment filed by Defendants (Doc. 15) and supporting documents; a Response to Defendants' Motion for Summary Judgment and Counter-Motion for Summary Judgment filed by Plaintiffs (Doc. 19) and supporting documents; and Defendants' Response to Plaintiffs' Motion for Summary Judgment (Doc. 23). The Motions for Summary Judgment were filed pursuant to the Agreed Stipulation and Request for Entry of Agreed Order (Doc. 14) wherein the parties agreed that there were no disputed issues of fact in this case and that the issues remaining before the Court were issues of law. The Court entered a text only order setting forth a briefing schedule, and the parties filed the aforementioned dispositive motions.

For the reasons stated herein, Defendants' Motion for Summary Judgment (Doc. 15) is GRANTED, and Plaintiffs' Counter-Motion for Summary Judgment (Doc. 19) is DENIED.

**I.     Background**

Defendants Jason Aamodt and Maria Aamodt purchased a home in Norfork, Arkansas ("the Property") in September 2009 to use as a second home as well as to rent to their friends and others for vacations. The Property is located in Phase A of the River Ridge Park Subdivision in Norfork, Arkansas, and is subject to Restrictive Covenants found in instrument No. 2674-87, on file with the

Baxter County Recorder ("the Restrictive Covenants"). Plaintiffs filed a Petition in Baxter County Circuit Court seeking a declaratory judgment finding that the actions of Defendants are in violation of the applicable Restrictive Covenants, and requesting an injunction prohibiting Defendants or their successor in title from using the Property for a commercial operation. Defendants removed the case to this Court under to 28 U.S.C. §§ 1332 and 1441(a) based on diversity jurisdiction.

**II.     Summary Judgment Standard**

In determining whether summary judgment is appropriate, the burden is placed on the moving party to establish both the absence of a genuine dispute of material fact and that it is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87 (1986); *Nat'l. Bank of Commerce of El Dorado, Ark. v. Dow Chem. Co.*, 165 F.3d 602 (8th Cir. 1999). The Court must review the facts in a light most favorable to the party opposing a motion for summary judgment and give that party the benefit of any inferences that logically can be drawn from those facts. *Canada v. Union Elec. Co.,* 135 F.3d 1211, 1212-13 (8th Cir. 1998) (citing *Buller v. Buechler,* 706 F.2d 844, 846 (8th Cir. 1983)*.*

Here, the parties have agreed that there are no genuine disputes of material fact. The Court must decide, therefore, based on the parties' briefs and the agreed-upon facts, which side is entitled to a judgment as a matter of law. The sole issue before the Court is whether the applicable Restrictive Covenants prohibit Defendants from renting their property to others for vacation usage.

**III.    Discussion**

The Court's jurisdiction in this case is based on diversity of citizenship. In diversity cases, the Court applies the substantive law of the forum state of Arkansas. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).

"A restrictive covenant is defined as a 'private agreement, usually in a deed or lease, that restricts the use or occupancy of real property, especially by specifying lot sizes, building lines, architectural styles, and the uses to which the property may be put.'" *Hutchens v. Bella Vista Village Prop. Owners' Ass'n, Inc.*, 82 Ark. App. 28, 35 (Ark. App. 2003) (quoting *Black's Law Dictionary* 371 (7th ed. 1999)). Arkansas courts do not favor restrictions on the use of land, and if there is a restriction on the land, it must be clearly apparent. *Forrest Const., Inc. v. Milam*, 345 Ark. 1, 9 (Ark. 2001) (internal citations omitted). Restrictive covenants are to be strictly construed against limitations on the free use of property, and all doubts are resolved in favor of the unfettered use of the land. *Id.* The general rule governing interpretation, application, and enforcement of restrictive covenants is that the intention of the parties as shown by the covenant governs. *Id.*

The relevant Restrictive Covenants which apply to Defendants' Property are contained in Instrument 2674-87, Sections 6 and 7:

> 6. BUILDING SITE: A lot (or tract), or a lot and portion of an adjacent lot, having a minimum size of 1.5 acres shall constitute a building site. Sites must be used for residential purposes only except Lots #1, #2 and #4, which are designated as commercial or residential.
>
> 7. SINGLE FAMILY: A building site may contain no more than one residence building for use by one single family. However, nothing shall preclude construction of one guest house in addition to the single family dwelling, provided said guest house is modern, constructed of similar materials and shall have at least 240 square feet and a maximum of 500 square feet of heated living area.

(Doc. 15-4)

Defendants argue that since there is nothing in the Restrictive Covenants specifically prohibiting them from renting the Property, that they should be allowed to do so. Plaintiffs argue, however, that Defendants' use of their property for short-term rentals violates the Restrictive

Covenants because it would constitute a commercial use of the property, in violation of Section 6 which limits use to residential purposes only. The issue presented by the parties is whether the Defendants' use of the property for short-term rentals is a commercial use that would be prohibited under the Restrictive Covenants.

The Court is not aware of any Arkansas cases specifically addressing this issue. Other courts, however, have addressed this issue. The Court finds *Pinehaven Planning Bd. v. Brooks*, 70 Pac. 3d 664 (Idaho 2003), a case cited by Defendants, to be persuasive on this point. In the *Pinehaven* case, the restrictive covenants at issue contained provisions prohibiting "commercial or industrial ventures or businesses of any type" as well as a restriction for "no more than one (1) single family dwelling." *Id.* at 665. The Brooks, the owners of a home subject to these restrictive covenants, listed the property for rental as a vacation home. The Pinehaven Planning Board sued the Brooks, seeking a declaration that the rental activity violated the restrictive covenants. On appeal, the Idaho Supreme Court held that:

> [R]enting the property for residential purposes, whether short or long-term, does not fit within these prohibitions. The only building on the Brooks' property remains a single-family dwelling and renting this dwelling to people who use it for the purposes of eating, sleeping, and other residential purposes does not violate the prohibition on commercial and business activity as such terms are commonly understood.

*Id.* at 668.

The Court of Appeals of Maryland interpreted a similar provision in *Lowden v. Bosley*, 909 A.2d 261, 262 (Md. 2006), restricting use of land for "single family residential purposes only." *Id*. The Bosleys, and others, intended to offer their homes as short-term vacation rentals or sell them to others who would offer the homes as short-term rentals. The Lowdens filed a complaint for injunctive relief, damages and a declaratory judgment. The *Lowden* court held that "receipt of rental

income in no way detracts from the use of the properties as residences by the tenants." *Id.* at 267.

In *Silsby v. Belch*, 952 A.2d 218, 222 (Me. 2008), the Supreme Judicial Court of Maine interpreted a restriction "that said premises will not be used for any commercial or industrial use." The court found that the restriction did not apply to a three-unit apartment building constructed on the property, holding that "[t]he property, like an owner-occupied, single-family residence beside it, remains a place for people to live. Its character is fundamentally different from a department store or service station." *Id.*

Finally, in *Slaby v. Mountain River Estates Residential Ass'n, Inc.*, 2011 Ala. Civ. App. LEXIS 270 (Ala. Civ. App. 2011), the Court of Civil Appeals of Alabama held that a restriction to single family residential purposes only and specifically barring commercial use did not preclude property owners from renting their vacation home on a short-term basis. The court in *Slaby* held that the commercial use restriction did not contemplate the short-term rental of the property by the Slabys, and that rental of the property falls into the category of residential use. *Id.* at *21. The court further held, in accordance with the reasoning of the majority of courts from other jurisdictions that

> a restrictive covenant restricting the use of property to single-family residential purposes only, like the covenant in this case, refers to the purposes for which the property is permitted to be used, such as for eating, sleeping, and other residential purposes, but does not impose a requirement that only the owners of the property can occupy the property.

*Id.* at *19-20.

While recognizing that these opinions to not constitute binding precedent, the Court finds the reasoning set forth in the above-cited opinions to be persuasive.

In the instant case, Defendants propose to rent their property for others to use in the same manner Defendants would use the property if they resided there full time. There is nothing before

the Court to indicate that the use would be for anything other than for eating, sleeping, and other residential purposes. The Court believes that the Arkansas Supreme Court would find that such use is not commercial and, therefore, not prohibited by the applicable Restrictive Covenants in this case. Accordingly, the Court finds that Defendants' rental of their property for residential purposes does not violate the Restrictive Covenants.

## VI.  Conclusion

IT IS THEREFORE ORDERED that Defendants' Motion for Summary Judgment (Doc. 15) is **GRANTED**, and Plaintiffs' Counter-Motion for Summary Judgment (Doc. 19) is **DENIED**. An order of judgment shall be filed contemporaneously.

IT IS SO ORDERED this 18th day of January, 2012.

/s/ P. K. Holmes, III
P.K. HOLMES, III
UNITED STATES DISTRICT JUDGE